**UNITED STATES of America**

v.

**Rodney Guy GREENE, Appellant.**

No. 13–2108.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Aug. 22, 2013.

Opinion filed: Sept. 4, 2013.

Robert A. Zauzmer, Esq., Ewald Zittlau, Esq., Office of United States Attorney, Philadelphia, PA, for Appellee.

Rodney Guy Greene, Philadelphia, PA, pro se.

Before: FUENTES, FISHER and VANASKIE, Circuit Judges.

## OPINION

PER CURIAM.

Rodney Guy Greene appeals the District Court's order denying his "*Nunc Pro Tunc* Petition to Correct an Illegal Sentence." For the reasons below, we will summarily affirm the District Court's order.

In 1988, Greene pleaded guilty to bank fraud, possession of stolen mail, and uttering a forged check. He was sentenced to seven years in prison and five years of probation. His many attempts to challenge his conviction and sentence have been unsuccessful. In October 1993, after Greene was arrested on state charges of forgery in Pennsylvania and New Jersey, the District Court revoked his probation and sentenced Greene to five years in prison to be served consecutively to any other term of imprisonment or parole violation sentence previously imposed. Greene appealed, and we determined that the sentence was lawful. *See* C.A. No. 93–1998. In April 2013, Greene filed his *Nunc Pro Tunc* petition pursuant to Fed.R.Crim.P. 35(a). The District Court denied the petition without comment, and Greene filed a notice of appeal.

Greene contends that Article III(e) of the Interstate Agreement on Detainers

Act mandated a concurrent sentence for his probation violation. However, the language he quotes permits a concurrent sentence but does not mandate one: "[n]othing in this paragraph shall prevent the imposition of a concurrent sentence if otherwise permitted by law." Greene's motion is meritless.

Summary action is appropriate if there is no substantial question presented in the appeal. *See* Third Circuit LAR 27.4. For the above reasons, we will summarily affirm the District Court's order. *See* Third Circuit I.O.P. 10.6.